CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/16/2023
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RALPH LEON HAYES,<br><br>　　　　　　　　　　　　*Appellant*,<br>v.<br>FAY SERVICING, LLC, *et al.*,<br><br>　　　　　　　　　　　　*Appellees*. | CASE NO. 6:22-cv-00063<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

On October 25, 2022, Appellant Ralph Leon Hayes, pursuant to 28 U.S.C. § 158, appealed the bankruptcy court's order dismissing his case without prejudice for failure to obtain prepetition credit counseling as required by the Bankruptcy Code, 11 U.S.C. § 109(h)(1).[1] For the forthcoming reasons, the Court will affirm the bankruptcy court's order and will dismiss Hayes' appeal.

### Background

On July 13, 2022, Ralph Leon Hayes, proceeding *pro se*, filed a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Virginia.[2] Dkt. 4 at 20. On his petition, Hayes checked the box providing that he received a briefing from an approved credit counseling agency within 180 days before he filed his bankruptcy petition but that he did not

---

[1] The appeal is ripe for review because Hayes filed a timely brief, Dkt. 7, and Appellee Herbert Beskin filed a response brief, Dkt. 9, to which Hayes filed a reply, Dkt. 10.

[2] "Chapter 13 of the Bankruptcy Code allows debtors with regular income to repay or discharge certain debts after making payments to creditors for a specified commitment period, generally three to five years." *Mort Ranta v. Gorman*, 721 F.3d 241, 250 (4th Cir. 2013) (citing 11 U.S.C. §§ 1301–1330).

1

have a certificate of completion as of the petition date. *Id.* On July 14, 2022, the bankruptcy court entered an order informing Hayes that his petition was filed without a certification that he had received credit counseling within 180 days before he filed the petition and that failure to cure this deficiency within fourteen days from the date the petition was originally filed may result in dismissal of his case. *Id.* at 21.

Under the Bankruptcy Code, an individual must meet certain eligibility requirements to qualify as a debtor. 11 U.S.C. § 109. An individual may not qualify as a debtor unless he "has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." *Id.* § 109(h)(1). The credit counseling requirement may be waived if a bankruptcy court determines that an individual is unable to complete the requirement "because of incapacity, disability, or active military duty in a military combat zone." *Id.* § 109(h)(4). Under Section 109(h)(4), "disability" means "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet [credit counseling] briefing required under [section 109(h)(1)]." *Id.*

On or around July 21, 2022, Hayes obtained counsel. Dkt. 4 at 22. On July 28, 2022, Hayes, through counsel, filed a certificate of credit counseling, which certified that on July 14, 2022, he received credit counseling by Internet that compiled with the Bankruptcy Code. *Id.* at 23. Because he completed the counseling the day *after* he filed his petition, he did not comply with the requirement that he complete the counseling within 180 days *before* filing his petition. 11 U.S.C. § 109(h)(1). On September 2, 2022, Hayes, through counsel, filed a motion to waive the credit counseling requirement. Dkt. 4 at 25. At the videoconference hearing before the

bankruptcy court, Hayes, through counsel, argued that he had disabilities that merit waiving the credit counseling requirement under Section 109(h)(4). Dkt. 1-2 at 3.

The bankruptcy court found Hayes' argument unpersuasive on several grounds. First, the court noted that despite suffering from his condition, Hayes "was able to complete the credit counseling briefing conducted by Internet the day after he filed his petition, as well as complete at least two other credit counseling briefings" in prior Chapter 13 bankruptcy cases. *Id.* at 4 (citing Case No. 15-60738; Case No. 08-60109). The court continued by finding that Hayes failed to provide "evidence showing how he was so physically impaired that he could not complete a credit counseling briefing within 180 days prior to this case yet not so impaired as to prevent him from completing a credit counseling briefing one day later and on at least two occasions in the years leading up to this case." *Id.* Second, the court found that Hayes did not make "a reasonable effort to participate in a credit counseling course *prepetition* when *postpetition* on the day after the 180-day period expired, [he] was able to find a qualified counseling agency accommodating his situation, and he completed the course." *Id.* (emphasis in original). Lastly, the court found that Hayes was "capable of participating meaningfully in an in person, telephone, or Internet briefing" based on its interactions with Hayes during the videoconference hearing. *Id.* Thus, the court concluded that Hayes did not suffer from the kind of disability that permits it to waive the credit counseling requirement under Section 109(h)(4) and thus denied Hayes' motion to waive the counseling requirement. *Id.*

Because Hayes failed to complete the required prepetition credit counseling, the court found that Hayes was ineligible to be a debtor and therefore dismissed the case without prejudice on September 19, 2022. *Id.* at 5.

## Legal Standard

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 158(a)(1) (providing district courts "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees"). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When reviewing a bankruptcy court's decision, "a district court functions as an appellate court and applies the standards of review in federal courts of appeal." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (internal quotation marks and citation omitted). A district court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004) (emphasis added). Clear error exists when a district court "is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). When a case involves questions of law and fact, a district court "reviews findings of fact under the clearly erroneous standard and reviews *de novo* the legal conclusions derived from those facts." *Patterson*, 636 B.R. at 662 (citing *Gilbane Bldg. Co. v. Fed. Rsv. Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 905 (4th Cir. 1996)).

## Analysis

Hayes appealed the bankruptcy court's order dismissing his case without prejudice for failure to complete the required credit counseling during the 180-day period before filing his petition. Dkt. 1. He challenges the bankruptcy court's finding that he did not suffer from the kind of disability that permits it to waive the credit counseling requirement under Section 109(h)(4).

Dkt. 7. Specifically, he argues that the court was unable to determine during a videoconference his mental or physical health. Dkt. 1-1 at 5; Dkt. 7 at 3.

The Court finds that the bankruptcy court committed no clear error in finding that Hayes' disability did not prevent him from participating meaningfully in credit counseling. Contrary to Hayes' argument, the bankruptcy court was able to assess Hayes' ability to participate meaningfully in an in person, telephone, or Internet briefing based on its interactions with Hayes during the videoconference hearing. For comparison, because of COVID-19, district courts in the Western District of Virginia frequently hold civil and criminal videoconference hearings, during which courts sometimes make findings based on its interactions with a party, such as finding that a criminal defendant is competent to plead guilty.[3] Thus, the Court finds no clear error in the bankruptcy court making a factual finding based on its interactions with Hayes during the videoconference hearing.

In addition, the bankruptcy court did not rely solely on its interactions with Hayes when making its factual finding. The court considered other evidence in the record to find that Hayes could participate meaningfully in an in person, telephone, or Internet briefing. *See* Dkt. 1-2 at 4. For example, the court considered that Hayes found "a qualified counseling agency accommodating his situation" that he completed by Internet the day after he filed his petition, which supports that his disability did not prevent him from participating in credit counseling. *Id.*

Moreover, the Court also finds that the bankruptcy court committed no legal error by dismissing Hayes' case without prejudice for noncompliance with Section 109(h)(1). *See In re Mitrano*, 409 B.R. 812, 818 (E.D. Va. 2009) (affirming a bankruptcy court's decision to dismiss

---

[3] For instance, Standing Order 2020-07 in the United States District Court for the Western District of Virginia authorizes videoconference for criminal proceedings under the Cares Act.

a case when an individual failed to comply with the credit counseling requirement and noting that "an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with Section 109(h)"); *In re Stinnie*, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016) ("It is well established that if an individual is ineligible to be a debtor in bankruptcy, it is fitting for the bankruptcy court to dismiss the case."); *In re Karim*, No. 09-11268-SSM, 2009 WL 2044694, at *2 (Bankr. E.D. Va. July 7, 2009) ("Failure to obtain the required credit counseling ordinarily requires dismissal of the case.").

Accordingly, the Court concludes that the bankruptcy court committed no clear error in its factual findings and no reversible error of law in its dismissal of Hayes' bankruptcy case.

## Conclusion

For the foregoing reasons, the bankruptcy court's order is **AFFIRMED,** and Hayes' appeal is **DISMISSED**.

It is so **ORDERED**,

The Clerk of the Court is directed to send this Memorandum Opinion and Order to Appellant and all counsel of record.

Entered this  16th  day of March, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE